Mark A. Neubauer (SBN 73728)
mneubauer@carltonfields.com
Valerie D. Escalante (SBN 281386)
vescalante@carltonfields.com
CARLTON FIELDS JORDEN BURT, LLP
2000 Avenue of the Stars, Suite 530 North Tower
Los Angeles, CA 90067-4707
Telephone: (310) 843-6300; Facsimile: (310) 843-6301

James B. Baldinger (Admitted *Pro Hac Vice*)
jbaldinger@carltonfields.com
Stacey K. Sutton (Admitted *Pro Hac Vice*)
ssutton@carltonfields.com
Kristin A. Gore (Admitted *Pro Hac Vice*)
kgore@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Phone: (561) 659-7070; Facsimile: (561) 659-7368

Gail E. Podolsky (*Admitted Pro Hac Vice*)
gpodolsky@carltonfields.com
CARLTON FIELDS JORDEN BURT, P.A.
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia 30309
Phone: (404) 815-2714; Facsimile: (404) 815-3415

Attorneys for Plaintiffs SPRINT SOLUTIONS, INC., SPRINT COMMUNICATIONS COMPANY L.P., and BOOST WORLDWIDE, INC.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPRINT SOLUTIONS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> WIRELESS ONE, INC., et al., <br><br> Defendants. | Case No.: CV 15-02496-R (AGRx) <br><br> Assigned to the Honorable Manuel L. Real <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST ALL DEFENDANTS** <br><br> Complaint filed: April 3, 2015 <br> Pretrial Conference: April 18, 2016 <br> Trial Date: May 24, 2016 |

106619406.1

# FINAL JUDGMENT AND
# PERMANENT INJUNCTION AGAINST ALL DEFENDANTS

Plaintiffs Sprint Solutions, Inc., Sprint Communications Company L.P., and Boost Worldwide, Inc. (collectively, "Sprint" or "Plaintiffs") brought the above-captioned lawsuit against Defendants Wireless One Inc. individually and d/b/a Wireless One Distributors, Praveen Chandra, Aref Yakhi, Ricardo Casas, Daniel Ordonez, and Lucas Gomes ("Defendants"), alleging that Defendants were engaged in an unlawful enterprise involving the unauthorized and deceptive bulk purchase and resale of Sprint products, goods, and services manufactured, distributed, sold or offered for sale by Sprint ("Sprint Products"), including but not limited to specially-manufactured wireless telephones designed for use on Sprint's wireless service, which Sprint offers under various Sprint brands, including Sprint, Sprint Prepaid, Boost Mobile, Virgin Mobile, PayLo and Assurance Wireless (collectively, "Sprint Phones" or "Sprint Handsets" or "Phones" or "Handsets"), the theft of Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademarks (collectively, the "Bulk Handset Trafficking Scheme" or the "Scheme").

Sprint contends that Defendants and their co-conspirators perpetrated the Bulk Handset Trafficking Scheme by acquiring large quantities of Sprint Phones from Sprint and/or Sprint authorized retailers and dealers and by soliciting others to purchase Sprint Phones in large quantities for the benefit of Defendants. Sprint asserts that Defendants and their co-conspirators acquired the Sprint Phones with the knowledge and intent that the Phones will not be used on the Sprint wireless network (as required by the Sprint contracts), but instead, the Phones are trafficked and the vast majority are ultimately resold as new overseas where the Phones are not subsidized by wireless carriers (as they are in the United States).

1. In some cases, Sprint asserts Defendants acquired the Sprint Phones with the knowledge and intent that the Phones will be computer-hacked or "unlocked," to disable software installed in the Phones by the manufacturers at the request and expense of Sprint, which enables the activation of the Sprint Phones exclusively on Sprint's wireless system. The purpose of the software is to allow Sprint to offer the Phones at a discount to the consumer while protecting Sprint's subsidy investment in the Phone. Sprint asserts that the illegally unlocked Phones are trafficked and resold as new by Defendants, at a premium, under the Sprint trademarks.

Sprint Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones. These Terms and Conditions are set forth in printed inserts that are packaged with each Phone and are posted on Sprint's website. Pursuant to the Terms and Conditions of Sprint Phones, purchasers agree, among other things: (a) to pay the applicable service charges and other related fees; (b) to activate the Sprint Phones on the Sprint CDMA network; (c) not to resell the Sprint Phones and related products and services; and (d) not to use the Phones for a purpose that could damage or adversely affect Sprint.

In this case, as a result of Defendants' alleged involvement in the Bulk Handset Trafficking Scheme, Sprint has asserted claims against Defendants for violation of federal and state laws, including, but not limited to unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud and fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, conversion, and unfair competition in

2

violation of California Business and Professions Code § 17200, *et seq*. Based on the respective positions advocated by the parties, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby:

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. Sprint has the right to use and enforce rights in the standard character Sprint® mark and stylized Sprint® Virgin Mobile, payLo, Assurance Wireless and Boost Mobile trademarks (collectively, the "Sprint Marks"), as depicted below:

 



  

Sprint uses the Sprint Marks on and in connection with its telecommunications products and services. The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.

3. Certain of the conduct set forth in the Complaint constitutes violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that the conduct also constitutes unfair competition, tortious interference with

business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud and fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, conversion, and unfair competition in violation of California Business and Professions Code § 17200, *et seq*. Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct. On review and consideration of all relevant factors, Sprint is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

4. Final judgment is hereby entered against Defendants Wireless One, Inc., individually, and d/b/a Wireless One Distributors, jointly and severally, and in favor of Plaintiffs, on all of the claims set forth in Plaintiffs' Complaint in the principal amount of Two Million Dollars and Zero Cents ($2,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

5. For all Sprint brands, now and in the future, Defendants and all of their past and present agents, officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, companies, agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for them or on their behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, parent entities, employees, independent contractors, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

a. acquiring, purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint Products;

b. supplying Sprint Products to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in the purchase or sale of Sprint Products or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

c. accessing Sprint's computer networks either directly or through a Sprint representative or customer or a third-party;

d. knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization;

e. supplying Sprint Products to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Sprint Phones; and knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization;

f. holding themselves out as being associated with, employed by or on behalf of, or acting as an agent, representative or authorized partner of Sprint; and

106619406.1

        g.    advertising any products or services that have a purported connection to Sprint or any of Sprint's affiliates.

6.    The acquisition, sale or shipment of any new Sprint Phones without Sprint's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

7.    The address of Defendant Wireless One, Inc. individually and d/b/a Wireless One Distributors is 9710 De Soto Avenue, Chatsworth, California.

8.    Defendant Praveen Chandra resides in the County of Los Angeles, California.

9.    Defendant Aref Yakhi resides in the County of Los Angeles, California.

10.    Defendant Ricardo Casas resides in the County of Los Angeles, California.

11.    Defendant Daniel Ordonez resides in the County of Ventura, California.

12.    Defendant Lucas Gomes resides in the County of Los Angeles, California.

13.    Defendants waive any and all rights to challenge the validity of this Final Judgment in this Court or in any other court, and specifically waives their right of appeal from the entry of this Final Judgment.

14.    The Court retains jurisdiction over this matter and the parties to this action to enter an award of damages against Defendants Praveen Chandra, Aref Yakhi, Ricardo Casas, Daniel Ordonez, and Lucas Gomes and to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiffs in an amount of $5,000 for each new Sprint Phone that Defendants are found to have acquired, purchased, sold and/or unlocked in violation of this Injunction. The Court finds

that these amounts are compensatory and will serve to compensate Sprint for its losses in the event Defendants violate the terms of this Order.

15. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED this 18th day of April, 2016.

_____
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel of Record

106619406.1